**Bill VAN CLEAVE, Appellee,**

v.

**KOLPAK BUILDERS COMPANY, a Tennessee corporation, Appellant.**

No. 60707.

Court of Appeals of State of Oklahoma, Division No. 4.

Nov. 20, 1984.

Released for Publication by Order of Court of Appeals Jan. 14, 1985.

Robert B. Smith, Robert B. Smith & Associates, Oklahoma City, for appellee.

John F. Fischer, Bobbie T. Shell, Andrews, Davis, Legg, Bixler, Milsten & Murrah, Oklahoma City, for appellant.

BRIGHTMIRE, Presiding Judge.

This is a lien foreclosure action by a subcontractor against the general contractor and the owner of property on which a construction project was located. The general contractor cross-petitioned for recovery of alleged excessive cost overruns.

The trial court rendered judgment for the plaintiff on the basis of a jury verdict and awarded him attorney fees. The general contractor appeals complaining only of the attorney fee judgment. We affirm.

I

Defendant Kolpak Builders Company made a contract with defendant Scrivner, Inc., to erect a refrigerated warehouse. Plaintiff Bill Van Cleave agreed in January of 1981 to perform certain work on the project for which Kolpak agreed to pay $232,000.

On January 27, 1982, plaintiff filed a materialman's lien statement with the county clerk claiming a lien on the project property in the sum of $99,824.83. Kolpak took the position it not only had paid plaintiff for all the work he had done on the project but had in fact overpaid him. Nevertheless Kolpak tendered a check for $30,000 in an effort to settle the dispute. The offer was rejected. This action was filed February 1, 1982. On March 1, 1983, Kolpak filed an offer to allow judgment to be taken against it for $30,000 pursuant to the terms of 12 O.S.1981 § 1101. This offer was also rejected by plaintiff.

The case was tried and on March 11, 1983, a jury returned a verdict in favor of plaintiff for $24,000.

On March 22, 1983, plaintiff filed an application asking the court to "determine the remaining issues in this cause," namely, (1) whether, as the prevailing party, plaintiff was entitled to be awarded a reasonable attorney fee and (2) whether plaintiff had a valid lien on the project property for the amount of the verdict which should be foreclosed. A few days later defendant Kolpak also moved for costs and attorney fees under 12 O.S.1981 §§ 929 and 936 claiming it was the prevailing party because its § 1101 offer to allow judgment exceeded plaintiff's recovery. These matters were heard and eventually on June 20, 1983, the court gave plaintiff a judgment on the verdict in the amount of $24,000 plus $7,500 for attorney fees as authorized by 42 O.S. 1981 § 176 and costs in the sum of $90.65 which had accrued prior to the § 1101 offer. And to Kolpak the court granted judgment for post-offer costs in the amount of $96.95 in compliance with § 1101.

Kolpak's attack is twofold: (1) plaintiff is entitled to no attorney fees or costs; and (2) the law required the court to give Kolpak a judgment for attorney fees and all costs instead.

II

Kolpak's first contention—that plaintiff is entitled to no fee under 42 O.S.1981

§ 176—is founded on the conclusion that the statute requires rendition of a judgment enforcing a lien and this the trial court never has done.

■ Subject statute does not make such a requirement an antecedent to recovery of an attorney fee. Section 176 reads in pertinent part:

"In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee ...."

The action filed by plaintiff does in fact seek enforcement of a materialman's lien. It was brought for that purpose, and that fact brings plaintiff within the ambit of § 176. True, the court did not order the lien foreclosed and the property sold, nor is it clear why he did not. But we do not read § 176 as making a foreclosure order to sell—that is, actual enforcement—a prerequisite to an attorney fee entitlement.

Parenthetically, we do notice one possible reason for the absence of a foreclosure order and that is that Kolpak has consistently maintained throughout the litigation that it is able to pay $30,000. In other words, we do not have here a situation involving an insolvent general contractor unable to pay, but one concerning who owes whom how much.

### III

Kolpak's second and third propositions, when analyzed together, advocate that it, rather than plaintiff, was the prevailing party in the lawsuit within the contemplation of 12 O.S.1981 § 936, entitling it to attorney fees and other costs.

The argument is that because plaintiff recovered less than Kolpak's § 1101 offer he did not prevail and, since a prevailing party there must be, it has to be Kolpak.

■ The short answer to this contention is that the term "costs," as used in § 1101 does not include attorney fees.[1] *Bullard v. Grisham Construction Co.*, 660 P.2d 1045 (Okla.1983); *Wieland v. Danner Auto Supply, Inc.*, 695 P.2d 1332 (Okla. 1984).[2] Since § 1101 does not deal with the subject of attorney fees and specifies that the only consequence of a recovery by plaintiff of less than the offer to allow is the limited costs assessment, it ill behooves us, we think, to inferentially add further sequela such as the one now suggested by Kolpak. On the contrary, we hold that if plaintiff recovers a judgment, he is still the prevailing party even though he recovers less than defendant's compromise offer.

■ So the result is that since this action is to recover for labor and materials, plaintiff is entitled to an attorney fee under § 936 as the prevailing party, as well as under the lien statute.

The trial court's attorney fee judgment is affirmed.

DeMIER and STUBBLEFIELD, JJ., concur.

---

1. 12 O.S.1981 § 1101 reads as follows:

   "The defendant, in an action for the recovery of money only, may, at any time before the trial, serve upon the plaintiff or his attorney an offer, in writing, to allow judgment to be taken against him for the sum specified therein. If the plaintiff accept[s] the offer and give[s] notice thereof to the defendant or his attorney, within five days after the offer was served, the offer, and an affidavit that the notice of acceptance was delivered within the time limited, may be filed by the plaintiff, or the defendant may file the acceptance, with a copy of the offer, verified by affidavit; and in either case, the offer and acceptance shall be noted in the journal, and judgment shall be rendered accordingly. If the notice of acceptance be not given in the period limited, the offer shall be deemed withdrawn, and shall not be given in evidence or mentioned [at] the trial. *If the plaintiff fails to obtain judgment for more than was offered by the defendant, he shall pay the defendant's costs from the time of the offer."* (Emphasis added.)

2. 55 O.B.J. 1351 (June 26, 1984).