Ken HICKS, Appellant,

v.

**LLOYD'S GENERAL INSURANCE AGENCY, INC., Appellee.**

No. 64035.

Supreme Court of Oklahoma.

Sept. 20, 1988.

McDaniel & Beauchamp by Dale F. McDaniel, Tulsa, for appellant.

Doyle, Harris & Riseling by Steven M. Harris and Michael D. Davis, Tulsa, for appellee.

HODGES, Justice.

The issue on appeal is whether the defendant is the "prevailing party" when it makes a formal offer to allow judgment to be taken and the plaintiff refuses that offer and proceeds to trial where he recovers less than that offer. The dispute concerns whether the defendant can recover its attorney's fees under 12 O.S. 1981 § 936 for the period after the offer until the judgment was rendered.

The facts are undisputed. Plaintiff, Ken Hicks (Hicks), brought this suit seeking to recover $186,000 for the breach of an employment contract. Defendant, Lloyd's General Insurance Agency, Inc. (Lloyd's), filed two formal offers to allow judgment to be taken in the amounts of $6,863 and $15,000 which Hicks rejected. After hearing the evidence the jury returned a verdict in favor of Hicks for $6,750, which was less than either offer. Lloyd's then moved for costs under 12 O.S. 1981 § 1101 and attorney's fees pursuant to 12 O.S. 1981 § 936. Hicks also sought to recover his attorney's fees under 12 O.S. 1981 § 936. The trial court awarded Hicks his attorney's fees but only for the period from the inception of the case until Lloyd's made its first offer, which amounted to $5,400. The court then awarded Lloyd's costs and attorney's fees but only for the period after the first offer until judgment amounting to $12,760.

On appeal, the Court of Appeals reversed that part of the trial court's holding which gave attorney's fees to Lloyd's ruling that Lloyd's was not the prevailing party for purposes of 12 O.S. 1981 § 936.

■ The specific issue for which we granted certiorari is to determine whether the defendant may recover his attorney's fees under § 936 for the period after an offer to allow judgment to be taken, until judgment is rendered when plaintiff rejects the offer and proceeds to trial and subsequently recovers less than the stated offer. There is no dispute concerning the recovery of costs under § 1101. Section 1101 allows a defendant to recover costs where a formal offer is made and is rejected by plaintiff and then plaintiff subsequently recovers less than the offer at trial. Furthermore, it is well settled that costs do not include attorney's fees except when a statute expressly provides for them. *Wieland v. Danner Auto Supply, Inc.*, 695 P.2d 1332, 1333 (Okla.1984); *Sisk v. Sanditen Investments, Ltd.*, 662 P.2d 317, 320 (Okla. App.1983).

■ This case involves an action to recover on an employment contract and as such 12 O.S. 1981 § 936 expressly provides

for the recovery of attorney's fees for the *"prevailing party."* The central issue of this case is the determination of who is the prevailing party.

According to the "American Rule" each party is to pay its own attorney's fees but in some situations attorney's fees are assessed against the losing party. The policy reasons supporting the recovery of attorney's fees and costs are to encourage settlement and to discourage the bringing of frivolous claims. These considerations recognize the limited availability of judicial resources and seek to penalize those which unnecessarily waste them.

Lloyd's urges this Court to apply these principles to the present case. In particular, Lloyd's argues that Hicks should not be considered the prevailing party where his recovery is less than the defendant's offer.

Oklahoma case law does not provide any cases directly on point but several cases do define prevailing party. In *Van Cleave v. Kolpak Builders Co.*, 693 P.2d 17, 19 (Okla.App.1984), the Court of Appeals held that plaintiff is the "prevailing party" even if he recovers less than defendant's compromise offer. *Van Cleave* is distinguishable from the present case in that it was an action to enforce a materialmen's lien and, as such, 42 O.S. 1981 § 176 provided for the recovery of reasonable attorney's fee even though the judgment enforcing the lien was not rendered. Therefore, regardless of whether the property was foreclosed on, plaintiff was entitled to his attorney's fees in enforcing the lien under the specific lien statute. Hicks relies on the cases of *Wieland v. Danner Auto Supply, supra,* and *Sisk v. Sanditen Investments, Ltd., supra,* to support his proposition that prevailing party means winning party and that winning is not relative to the amount won. Moreover, Hicks asserts that he is the prevailing party because ultimately he recovered a judgment against the defendant.

We disagree and reverse the Court of Appeals. In construing § 936 where defendant has made an offer to allow judgment to be taken and it is rejected and

plaintiff subsequently recovers less than the stated offer, we hold that plaintiff is not the prevailing party for § 936 purposes.

In the present case, Lloyd's made *two offers* to allow judgment to be taken and both were greater than what plaintiff ultimately recovered at trial. Hicks decided to reject both offers and subjected Lloyd's and the courts to the added burden of defending the case and, as a result, a considerable amount of time and money has been expended. Therefore, we would affirm the order of the trial court and find that Hicks should recover his attorney's fees but only for the period until the first offer was made, and we would allow attorney's fees to be assessed for Lloyd's for the period after the first offer until judgment was rendered at trial.

This result clearly is supported by the judicial policies previously stated in interpreting § 936 and other attorney fees shifting provisions. The policies of encouraging settlement and dissuading the bringing of frivolous claims are served.

CERTIORARI GRANTED; OPINION OF COURT OF APPEALS VACATED; JUDGMENT OF TRIAL COURT AFFIRMED.

DOOLIN, C.J., and LAVENDER, ALMA WILSON and SUMMERS, JJ., concur.

OPALA, J., concurs in result.

HARGRAVE, V.C.J., and SIMMS and KAUGER, JJ., dissent.