**Charles L. CLYMA, Appellant,**

v.

**Jimmy E. TURNER, Appellee,**

**Mary M. Turner, Defendant.**

**No. 78147.**

Court of Appeals of Oklahoma, Division No. 3.

May 5, 1992.

Certiorari Denied Oct. 13, 1992.

Steven L. Parker, Tecumseh, for appellant.

Larry J. McMains, Seminole, for appellee.

## MEMORANDUM OPINION

JONES, Judge:

As one of the prevailing parties in the action below, Charles L. Clyma appeals the

District Court's denial of his request for attorney fees and moves for additional fees in this appeal.

On June 2, 1988, under the terms of a contract-for-deed, Jimmy Turner agreed to convey the S/2, NW/4, SW/4, of section 9, T10W, R7E in Seminole County, to Clyma upon the completion of 120 monthly payments. Clyma was to take possession of the premises immediately after June 2, 1988. However, on February 20, 1990, the District Court awarded to Defendant, Mary Turner, a life estate in the above described property along with title to the mobile home on the property. Jimmy Turner was given a remainder in fee simple absolute.

On March 5, 1991, Clyma sued for rescission of the contract, asking for $8,348.30 in money damages, judgment quieting title, and attorney fees and costs. He also sued Mary Turner for rents. The ground for rescission was that Clyma was not given quiet enjoyment of one-half acre of the twenty acre tract. The five day trial started on June 24, 1991. The District Court denied rescission to Clyma, but awarded him a money judgment against Jimmy Turner in the amount of $3,500.00, and quieted title to the property in Mary Turner. Mary Turner filed a motion for attorney fees against Clyma and Jimmy Turner on July 3, 1991. Clyma filed his motion for attorney fees on July 8, 1991. On August 15, 1991, a hearing was held on the attorney fees motions. The Court denied fees to all parties, but awarded costs in the amount of $374.50 to Clyma, pursuant to 12 O.S.Supp. 1981 § 930. Mary Turner did not appeal.

Clyma appeals the District Court's denial of attorney fees and asks this Court for a reversal on that issue. He contends the District Court erred by not following 12 O.S.1991 § 936 and 42 O.S.1991 § 176.

I

■ Initially, Clyma urges this Court to apply 12 O.S.1991 § 936 which authorizes attorney fees to the prevailing party in eight specific situations.[1] Clyma offers the case of *Commercial Communications, Inc. v. State ex rel. Oklahoma Board of Public Affairs,* 613 P.2d 473 (Okl.1980) which involves the sale of intercom equipment. Although the Board in that case sought the defense of rescission, the Court allowed fees under 12 O.S.1991 § 936 because it was a civil action pertaining to the "sale of goods", and not because it was an action to rescind a contract.

By offering the case of *Hicks v. Lloyd's General Ins. Agency,* 763 P.2d 85 (Okl. 1988), Clyma appears to be arguing that fees should be assessed against parties who refuse to make settlement offers. We reject such a notion as being totally unsupported by case law. The *Hicks* case involved breach of an employment contract, i.e. a "contract for labor or services" as provided in 12 O.S.1970 § 936. Attorney fees were permitted in such an action by the clear language of the statute. The *Hicks* Court did not assess fees for the reasons given by Clyma.

We find that 12 O.S.1991 § 936 is not applicable to the facts in the case at bar and the District Court did not err by denying attorney fees.

II

■ In his second proposition of error, Clyma contends that he is entitled to attorney fees under the authority of 42 O.S.1991 § 176 which allows fees to the prevailing party in an action brought to enforce a lien.

Clyma contends that a contract for deed is equivalent to a note and mortgage under 16 O.S.1983 § 11A and under the holding in *Smith v. Frontier Federal Savings & Loan Ass'n,* 649 P.2d 536 (Okl.1982). Clyma states in his brief that his action for damages is an "enforcement of the lien

1. In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law, or the contract which is the subject to the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs. 12 O.S.Supp.1991 § 936.

which was created when he and Turner executed a contract for deed." If an analogy can be made, Clyma would be the mortgagor and Turner would be the mortgagee. In a standard mortgage arrangement, the mortgagee would have a lien against the property, not the mortgagor. The case of *Ohio National Life Ins. Co. v. Dobbs,* 140 Okl. 147, 282 P. 306 (1929) is therefore not on point. The mortgagee in that case sued the mortgagors to enforce a lien. The mortgagors prevailed and were awarded fees. Clyma could not have a lien and did not bring this case to enforce a lien. Attorney fees are not authorized by 42 O.S.1991 § 176.

### III

■ In his third proposition, Clyma asks for fees and costs related to this appeal. There is no statute authorizing such an award. The case of *Sisney v. Smalley,* 690 P.2d 1048 (Okl.1984) involved negligent or willful injury to property for which fees were allowed under 12 O.S.1979 § 940. The case at bar is distinguishable and the statute is not applicable.

The American Rule requires each litigant to bear the costs of his or her own legal representation unless there is a specific statute providing an exception. *Kay v. Venezuelan Sun Oil Company,* 806 P.2d 648 (Okl.1991). Finding no statutes which provide an exception to the general rule under the facts in this case, we affirm the holding of the District Court and deny attorney fees for the appeal.

AFFIRMED.

HANSEN, V.C.J., and HUNTER, J., concur.