2006 OK CIV APP 149

**Bill FOREMAN and James Pinney, Plaintiffs/Appellees,**

v.

**Jim D. BREWER, Brewer Enterprises, Inc. and Marsha Vanhoutte, Defendants/Appellants.**

**No. 101,822.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Aug. 25, 2006.

Rehearing Denied Nov. 9, 2006.

Brian M. Dell, Brian M. Dell, P.C., Oklahoma City, OK, for Plaintiffs/Appellees.

Eric S. Eissenstat, Regina marsh, Fellers, Snider, Blankenship, Bailey & Tippens, Oklahoma City, OK, for Defendants/Appellants.

Opinion by BAY MITCHELL, Presiding Judge.

¶1 Defendants/Appellants Jim D. Brewer, Brewer Enterprises, Inc. and Marsha Vanhoutte (collectively "Defendants") appeal from a trial court order denying their motion for attorney fees. Plaintiffs/Appellees filed an action against Brewer, Brewer Enterprises and Vanhoutte, as well as BPS Security, L.L.C., Billy Allen and Carol Sanders, for assault, battery, false arrest and imprisonment, and intentional infliction of emotional distress. The relevant facts underlying their claims are discussed in Court of Civil Appeals Opinion, Division II, No. 97,191, October 14, 2003. On September 26, 2001, all of the defendants joined together to serve each Plaintiff with a separate offer to confess judgment "pursuant to Title 12 O.S. § 1101" in the amount of $3,500. Plaintiffs did not accept these offers of judgment.

¶2 Trial began on December 3, 2001 against only Brewer, Brewer Enterprises and Vanhoutte. After Plaintiffs had rested their case, Defendants demurred to the evidence, and the trial court granted their demurrer. Plaintiffs filed a dismissal with prejudice as to BPS Security, Allen and Sanders on December 13, 2001, stating they had reached a full settlement with these defendants only. Plaintiffs appealed from the demurrer. In opinion No. 97,191, the Court of Civil Appeals reversed in part and affirmed in part, and remanded for a new trial on all claims except intentional infliction of emotional distress.

¶3 After remand, the remaining Defendants did not renew their offer of judgment. The case proceeded to a second trial, and the jury returned a verdict for the Defendants on all claims. Defendants then filed a motion for costs pursuant to 12 O.S.2001 § 929, requesting $1,939.40 in costs from the beginning of the action. The court granted the motion, and awarded $1,773.59 in costs. *Defendants did not appeal from the award of costs.* Defendants also filed a motion requesting $27,352.30 in attorney fees from the time they filed the offers of judgment, based on the authority of 12 O.S. § 1101.1. The trial court denied their motion for attorney fees. Defendants appeal from this order.

¶4 Defendants contend the court erred as a matter of law by denying their motion for attorney fees, because the plain language of § 1101.1 mandates an award of fees if a plaintiff rejects an offer of judgment and then receives less at trial.[1] However, Defendants made their offers of judgment *only under § 1101.* This statute allows the defendant to serve a written offer on the plaintiff, and it is deemed withdrawn if it is not accepted within five days. 12 O.S.2001 § 1101. "If the plaintiff fails to obtain judgment for more than was offered by the defendant, he shall pay the defendant's *costs* from the time of the offer." *Id.* (Emphasis added). The Oklahoma Supreme Court has held that the costs allowed under this section do not include attorney fees. *Bullard v. Grisham Const. Co.,* 1983 OK 21, ¶5, 660 P.2d 1045, 1047. Under 12 O.S. Supp.1995 § 1101.1(A)(5), however, defendant may recover *costs and attorney fees* if the plaintiff rejects the offer and the judgment is less, but this statute only applies to certain actions and has monetary limits on either amount in controversy or amount offered.

¶5 Sections 1101 and 1101.1 are distinct and separate methods of serving an offer of judgment, with their own procedures and consequences if a plaintiff rejects an offer and then fails to obtain a judgment higher than the offer. Here, Defendants made an offer of judgment pursuant only to § 1101, which allows for the recovery of costs, not

---

1. The material facts in this appeal are undisputed. Therefore, the question of whether Defendants are entitled to attorney fees is a question of law subject to *de novo* review. *Elmore v. Doeng-*
es Bros. Ford, Inc., 2001 OK CIV APP 27, ¶6, 21 P.3d 65, 69. This court has plenary and non-

attorney fees. The trial court correctly denied Defendants' motion for attorney fees.[2]

¶ 6 AFFIRMED.

ADAMS, J., and BUETTNER, C.J., concur.

deferential authority to reexamine the trial court's legal rulings. *Id.*

**2.** Plaintiffs raised different arguments regarding why the trial court's order denying Defendants'

motion for attorney fees should be affirmed. This court can affirm a correct trial court decision on any basis. *Gabler v. Holder & Smith, Inc.,* 2000 OK CIV APP 107, ¶ 11, 11 P.3d 1269, 1274.