2017 OK CIV APP 28

**WINN–TECH, INC., Plaintiff/Appellee,**

**v.**

**Nobuko LAWSON, Defendant/Appellant.**

**Case Number: 115123**

Court of Civil Appeals of Oklahoma,
Division No. 3.

Decided: 04/21/2017

Mandate Issued: 05/18/2017

Aaron R. Sims, SIMS, PRICE & PRICE, P.L.L.C., Woodward, Oklahoma, for Plaintiff/Appellee,

Bryan L. Billings, BILLINGS & BILLINGS, Woodward, Oklahoma, for Defendant/Appellant.

Bay Mitchell, Presiding Judge:

¶1 Defendant Lawson appeals an order granting prevailing-party attorney fees to Plaintiff Winn–Tech after Winn–Tech accepted an offer of judgment made by defendant Lawson pursuant 12 O.S. 1101.

¶2 Winn–Tech filed this case to foreclose a mechanic's and materialman's lien for work done on Lawson's house. Winn–Tech sought the sum of $11,014.34 plus monthly late fees of $35.00 per month. Two years after the suit was filed, Lawson served an offer of judgment on Winn–Tech's attorney. The two-sentence offer of judgment was as follows:

> Defendant, Nobuko Lawson, pursuant to 12 O.S. 1101, offers to allow judgment to be taken against her for the amount of $9,000.00. This offer shall expire if not accepted within five (5) days of its service upon plaintiff's counsel."

Within the allowed five days, Winn–Tech filed its acceptance of the offer of judgment. Subsequently, a judgment based on the accepted offer was entered in favor of Winn–Tech for $9,000.00. The issue of attorney fees was reserved pending an application for same.

¶3 Immediately thereafter, Winn–Tech filed a motion for attorney fees and costs pursuant to 12 O.S. 936 and 42 O.S. 176. Winn–Tech sought attorney fees of $8,520 (42 hours at $200 per hour) and an additional "incentive" or "bonus" fee of $3,408. Detailed time records were submitted with Winn–Tech's motion. Lawson's response to Winn–Tech's motion argued that Winn–Tech was not entitled to any attorney fees under 12 O.S 1101.1 and, in any event, the fees request was unreasonably high. At the attorney fees hearing, the trial court considered the submitted time records, noted that the reasonableness of the $200 hourly rate was stipulated to and considered the attorneys' arguments.[1] The trial court found, among other things, that the offer of judgment was made pursuant to 12 O.S. 1101 and that 1101.1 was not applicable; Winn–Tech was entitled to recover attorney fees under 12 O.S. 936 and 42 O.S. 176; that 34.6 hours were reasonable and necessary in Winn–Tech's prosecution of the case and Winn–Tech should be awarded attorney fees of $6,920 (34.6 hrs. x $200 per hr.).

¶4 The primary issue on appeal is Lawson's contention that 12 O.S. 1101.1 precludes Winn–Tech's right to recover any attorney fees. In pertinent part, 1101.1 provides:

B. Other actions.

1. After a civil action is brought for the recovery of money or property in an action other than for personal injury, wrongful death or pursuant to Chapter 21 of Title 25 or Section 5 of Title 85 of the Oklahoma Statutes, any defendant may file with the court, at any time more than ten (10) days prior to trial, an offer of judgment for a sum certain to any plaintiff with respect to the action or any claim or claims asserted in the action. An offer of judgment shall be deemed to include any costs and attorney

---

fees otherwise recoverable unless it expressly provides otherwise. If an offer of judgment is filed, the plaintiff or plaintiffs to whom the offer of judgment is made shall, within ten (10) days, file:

a. a written acceptance or rejection of the offer, or

b. a counteroffer of judgment, as described in paragraph 2 of this subsection.

If a plaintiff fails to file a timely response, the offer of judgment shall be deemed rejected. The fact an offer of judgment is made but not accepted or is deemed rejected does not preclude subsequent timely offers of judgment.

\* \* \* \*

G. This section shall apply to all civil actions filed after the effective date of this act.[2]

An offer of judgment can be made under 1101.1 and, unless it provides otherwise, is inclusive of any attorney fees and costs that would otherwise be recoverable. It specifically provides the plaintiff shall have ten days to accept the offer.

¶ 5 Lawson's offer of judgment, however, was specifically made "pursuant to 12 O.S. 1101." It provides:

> The defendant, in an action for the recovery of money only, may, at any time before the trial, serve upon the plaintiff or his attorney an offer, in writing, to allow judgment to be taken against him for the sum specified therein. If the plaintiff accept the offer and give notice thereof to the defendant or his attorney, within five days after the offer was served, the offer, and an affidavit that the notice of acceptance was delivered within the time limited, may be filed by the plaintiff, or the defendant may file the acceptance, with a copy of the offer, verified by affidavit; and in either case, the offer and acceptance shall be noted in the journal, and judgment shall be rendered accordingly. If the notice of acceptance be not given in the period limited, the offer shall be deemed withdrawn, and shall not be given in evidence or mentioned on the trial. If the plaintiff fails to obtain judgment for more than was offered by the defendant, he shall pay the defendant's costs from the time of the offer.

This section provides that an offer of judgment may be made and if rejected, or not accepted within five days, the plaintiff shall have to pay defendant's costs from the time of the offer if plaintiff does not get a judgment greater than the amount of the offer. Section 1101 does not speak to whether or not attorney fees are recoverable if plaintiff accepts defendant's offer of judgment.

■ ¶ 6 The question of whether a party is entitled to attorney fees is a legal question, which we review *de novo. Finnell v. Seismic,* 2003 OK 35, ¶ 7, 67 P.3d 339. Generally, an attorney fee is recoverable by a prevailing party only where authorized by statute or an enforceable contract. *Ashikian v. State ex rel. Oklahoma Horse Racing Comm'n,* 2008 OK 64, ¶ 17, 188 P.3d 148, 157. This is referred to as the American Rule. On the other hand, the reasonableness of attorney fee awards will be affirmed on appeal unless shown to be an abuse of the trial court's discretion. *Burk v. City of Oklahoma City,* 1979 OK 115, ¶ 22, 598 P.2d 659, 663.

■ ¶ 7 Case law is clear that a plaintiff who accepts an offer of judgment under 12 O.S. 1101 is the prevailing party and may be entitled to costs, prejudgment interest and attorney fees if a statute authorizes it. *E.g., Dulan v. Johnston,* 1984 OK 44, 687 P.2d 1045 (costs and prejudgment interest) and *Wieland v. Danner Auto Supply, Inc,* 1984 OK 45, 695 P.2d 1332 (attorney fees). By Winn–Tech's acceptance of Lawson's offer of judgment, Winn–Tech was the prevailing party. As such, Winn–Tech was entitled to attorney fees under both 12 O.S. 936 (actions to recover for labor or services rendered) and 42 O.S. 176 (actions to enforce liens). The question then is whether 1101.1 (or precedential case law) precludes or supercedes Win-Tech's entitlement to prevailing-party attorney fees.

■ ¶ 8 First, we note that "[s]ections 1101 and 1101.1 are distinct and separate methods of serving an offer of judgment, with their own procedures and consequences . . ." *Foreman v. Brewer,* 2006 OK CIV APP

---

**2.** The effective date of the act was August 25, 1995.

149, ¶ 5, 149 P.3d 1083, 1084. Similar to the instant case, Brewer made an offer of judgment only pursuant to 1101. After prevailing in a jury trial Brewer sought attorney fees under 1101.1. The Court of Civil Appeals held Brewer was only entitled to costs under 1101. He had no rights under 1101.1, and because he had no statutory basis for prevailing-party attorney fees, he was limited to recovering costs.

 ¶ 9 Here, Lawson focuses on the language in 1101.1 (G) that says "[t]his section shall apply to all civil actions filed after the effective date of this act." And, Lawson contends, because this case was filed after the 1995 effective date, 1101.1 applies. To be sure, however, Lawson's offer was specifically made pursuant to 1101 only, and not 1101.1. If the Legislature intended 1101.1 to supercede or nullify 1101 it certainly could have indicated so. The Legislature could have repealed 1101 which was enacted in 1910, but it did not. We will not presume "the Legislature, in the enactment of a subsequent statute, intended to repeal an earlier one, unless it has done so in express terms," *Mustain v. Grand River Dam Authority,* 2003 OK 43, ¶ 23, 68 P.3d 991, 999 (emphasis in original).

¶ 10 We can only conclude the Legislature intended both statutes to co-exist in harmony. "Generally, statutes addressing the same subject matter are to be construed in a manner which reconciles differing provisions and imparts to each of them an intelligent effect." *Mustain v. Grand River Dam Authority,* 2003 OK 43, ¶ 23, 68 P.3d 991, 999. A construction that harmonizes two statutes is preferred over one that may produce conflict. *Humphries v. Lewis,* 2003 OK 12, ¶ 7, 67 P.3d 333, 335.[3]

¶ 11 Despite the language in 1101.1 (G) that it "shall apply to all civil actions," where the defendant chooses to make an offer of judgment under the separate and distinct procedure of 1101 and that offer is accepted, we hold that 1101.1 has no application.

¶ 12 As to the proposition that the amount of the attorney fees awarded was

unreasonable, we find no abuse of discretion there; especially in light of the fact that Lawson apparently offered no evidence to the trial court that the requested amount was unreasonable.

¶ 13 The judgment appealed is AFFIRMED in all respects.

BUETTNER, C.J., and SWINTON, J., concur.

---

**3.** Statutory construction presents a question of law that we review *de novo. Humphries v. Lewis,* 2003 OK 12, ¶ 3, 67 P.3d 333, 335. The funda-

mental purpose of statutory construction is to determine and give effect to legislative intent. *Id.,* 7, 67 P.3d at 335.