OSCN Found Document:TEASDALE v. FOSHEE

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 TEASDALE v. FOSHEE
2024 OK CIV APP 10
Case Number: 120265
Decided: 02/02/2024
Mandate Issued: 02/29/2024
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV

Cite as: 2024 OK CIV APP 10, __ P.3d __

 
DAVID TEASDALE, Plaintiff/Appellee,
v.
CHRISTOPHER FOSHEE, Defendant/Appellant.
APPEAL FROM THE DISTRICT COURT OF
CLEVELAND COUNTY, OKLAHOMA
HONORABLE JEFF VIRGIN, TRIAL JUDGE
AFFIRMED IN PART, VACATED IN PART, AND REMANDED 
Jake Aldridge, ALDRIDGE & TEASDALE PLLC, Norman, Oklahoma, for Plaintiff/Appellee
D. Todd Riddles, Tyler J. Coble, CHEEK LAW FIRM, P.L.L.C., Oklahoma City, Oklahoma, for Defendant/Appellant
JAMES R. HUBER, JUDGE:
¶1 The defendant/appellant, Christopher Foshee (Foshee), appeals an order granting in part his motion for costs and denying his motion for attorneys' fees. Foshee filed two offers of judgment in this case. On September 6, 2019, Foshee served and filed an offer of judgment pursuant to 12 O.S.2021 § 1101.1(A). Then, on December 2, 2019, Foshee served and filed an offer of judgment pursuant to 12 O.S.2021 § 1101. Following a jury trial during which Foshee prevailed, Foshee sought his costs under 12 O.S.2021 §§ 929 and 942 and his attorneys' fees pursuant to 12 O.S.2021 § 1101.1(A) against plaintiff/appellee David Teasdale (Teasdale). The district court awarded Foshee his costs, but denied his request for attorneys' fees, finding that Foshee's last offer of judgment pursuant to 12 O.S.2021 § 1101 controlled. We affirm the district court's Order on Defendant's Motion for Attorneys' Fees and Costs (Order) awarding Foshee's costs. However, as to the award of attorneys' fees, we vacate the Order denying Foshee's attorneys' fees, and remand the case for entry of a new order as to attorneys' fees consistent with this Opinion.
BACKGROUND
¶2 This action arose out of a boat accident that occurred on July 7, 2016. Teasdale was injured after falling off a pontoon boat that Foshee was operating on Lake Texoma, Oklahoma. Teasdale alleged that Foshee was negligent in his operation of the boat and thus caused his injuries. Teasdale also filed suit against Jerry W. Foshee, the owner of the pontoon boat. Jerry W. Foshee was later dismissed, with prejudice, on March 13, 2019. This appeal concerns whether Foshee is entitled to his attorneys' fees pursuant to 12 O.S.2021 § 1101.1(A).
¶3 On September 6, 2019, Foshee filed and served an offer of judgment "pursuant to 12 O.S. § 1101.1(A)," which allowed judgment to be taken against him "for the amount of $25,000.00, inclusive of attorneys' fees and costs." The offer further provided that it would "expire by the terms of 12 O.S. § 1101 if not accepted within ten (10) days from the date of its filing."
¶4 In response to Foshee's offer of judgment, on September 17, 2019, Teasdale filed a counteroffer of judgment "pursuant to 12 O.S. § 1101.1(A)(2)." This counteroffer was for $65,000.00 and was "inclusive of attorneys' fees and costs." The offer stated that Foshee "may accept said offer and give notice thereof to [Teasdale], by and through undersigned counsel, within ten (10) days after service thereof." Foshee did not file a written acceptance or rejection of this counteroffer.
¶5 On December 2, 2019, Foshee filed a second offer of judgment. This offer stated that it was made "pursuant to 12 O.S. § 1101" and offered "to allow for judgment to be taken against [Foshee] for the amount of $27,500.00, inclusive of attorneys' fees and costs." Teasdale did not file a written acceptance or rejection of this second offer of judgment.
¶6 Jury trial was held on May 17, 2021 through May 20, 2021. On May 20, 2021, the jury returned a verdict in favor of Foshee. The journal entry of judgment was filed on August 9, 2021 and stated that the jury found in favor of Foshee and "that . . . Teasdale [should] take nothing by reason of his petition and that judgment be entered in favor of . . . Foshee on the claims asserted in the petition."
¶7 Foshee filed a Motion for Attorneys' Fees and Costs on September 8, 2021. As the prevailing defendant, Foshee, in accordance with 12 O.S.2021 § 929, sought his costs as defined under 12 O.S.2021 § 942 for the amount of $9,101.41. Foshee also requested he be awarded attorneys' fees pursuant to his first offer of judgment filed under 12 O.S.2021 § 1101.1(A).
¶8 With respect to Foshee's request for attorneys' fees, his argument was simple. Foshee set forth the requirements of Section 1101.1(A), noting that it provides a fee-shifting mechanism when a defendant makes an offer of judgment in a personal injury case. If an offer of judgment is rejected and the plaintiff is awarded judgment in an amount less than the final offer of judgment, the defendant will be entitled to his reasonable litigation costs and attorneys' fees from the date of the filing of the final offer of judgment until the date of the verdict. Accordingly, because he was the prevailing party and the amount Teasdale was awarded was less than his final offer of judgment pursuant to Section 1101.1(A), Foshee sought attorneys' fees in the amount of $70,294.70, which was the amount expended from September 6, 2019 (the date the offer of judgment was filed) to May 20, 2021 (the date the jury rendered their verdict). Foshee concluded his Motion by asserting that the amount of his requested attorneys' fees was reasonable.
¶9 Teasdale filed his Response and Objection to Foshee's Motion for Attorneys' Fees and Costs on September 23, 2021. In his Response and Objection, Teasdale argued that Foshee was not entitled to attorneys' fees because Foshee's second and final offer of judgment was made pursuant to Section 1101, and Section 1101 only allows for an award of costs. This argument was based on the language of Section 1101.1(A)(3), which states that:
In the event the plaintiff rejects the offer(s) of judgment and the judgment awarded the plaintiff is less than the final offer of judgment, then the defendant filing the offer of judgment shall be entitled to recover reasonable litigation costs and reasonable attorney fees incurred by that defendant from the date of filing of the final offer of judgment until the date of the verdict. 
12 O.S.2021 § 1101.1(A)(3) (emphasis added). Teasdale interpreted the "final offer of judgment" language to include offers made pursuant to both Section 1101.1(A) and Section 1101. Teasdale also argued that the first offer of judgment was ambiguous because it referred to both Section 1101.1(A) and Section 1101 and thus should be construed in favor of Teasdale. Teasdale also argued that the amount of costs and attorneys' fees Foshee requested were unreasonable.
¶10 Foshee filed a Reply Brief to Teasdale's Response and Objection on February 7, 2022. In this Reply, Foshee first argued that his first offer was not ambiguous simply because it referenced Section 1101. To support his position, Foshee argued his first offer expressly said it was made "pursuant to 12 O.S. § 1101.1(A)" and stated that the offer would expire if not accepted within ten days. This ten-day deadline was the deadline stated in Section 1101.1(A), which, as Foshee pointed out, contrasted with the five-day deadline in Section 1101. Foshee's position was that the reference to Section 1101 was merely a scrivener's error.[1] Foshee also argued that he was entitled to seek his attorneys' fees pursuant to his first offer of judgment under Section 1101.1(A) because Oklahoma case law has construed Section 1101.1(A) and Section 1101 as separate and distinct statutory mechanisms for serving offers of judgment. According to Foshee, these two sections should "be construed in harmony, meaning effect must be given to each of them." Foshee concluded by arguing that the amount of attorneys' fees he sought was properly calculated and reasonable under the circumstances.
¶11 On February 9, 2022, the district court held a hearing on Foshee's Motion for Attorneys' Fees and Costs. The arguments made before the district court were identical to what Foshee argued in his Motion and Reply and to what Teasdale argued in his Response and Objection. The district court also heard testimony from Foshee's expert on the reasonableness of the amount of attorneys' fees requested. After hearing oral arguments, the district court advised that it would type up an order and send it to counsel.
¶12 The following day, on February 10, 2022, the district court entered and filed its Order on Foshee's Motion. In this Order, the district court found that Foshee was the prevailing party and was entitled to an award of costs pursuant to 12 O.S.2021 § 929. As to Foshee's request for attorneys' fees, the district court determined Foshee was not entitled to his fees and denied his request. In so deciding, the district court agreed with Teasdale, finding "that only the final offer of judgment presented pursuant to 12 O.S. § 1101 should be controlling when considering any award of attorneys' fees or costs." Foshee now appeals the district court's Order denying his request for attorneys' fees.
STANDARD OF REVIEW
¶13 The crux of Foshee's issues on appeal involves the relationship between an offer of judgment made pursuant to Section 1101.1(A) and an offer of judgment made pursuant to Section 1101. More specifically, if a defendant first makes an offer of judgment pursuant to Section 1101.1(A), does the making of a subsequent offer of judgment pursuant to Section 1101 extinguish the effectiveness of that first Section 1101.1(A) offer, or do offers of judgment pursuant to Section 1101 and Section 1101.1(A) operate independently of each other. Thus, because this appeal concerns questions of law relating to statutory interpretation, the standard of review is de novo, "i.e., a non-deferential, plenary and independent review of the trial court's legal ruling[s]." Hubbard v. Kaiser-Francis Oil Co., 2011 OK 50, ¶ 6, 256 P.3d 69, 72 (quoting Fulsom v. Fulsom, 2003 OK 96, ¶ 2, 81 P.3d 652, 654) (alteration in original).
ANALYSIS
I. Principles Regarding the Construction of Offer of Judgment Statutes
¶14 No Oklahoma case has ever addressed whether a successive offer of judgment made pursuant to Section 1101 extinguishes a previous offer of judgment made pursuant to Section 1101.1(A), or whether Section 1101 and Section 1101.1(A) offers of judgment can operate coextensively. Our analysis of these issues involves principles of statutory construction.
¶15 When interpreting statutes, "a court's primary goal is to ascertain and then follow the intention of the Legislature." Boston Ave. Mgmt., Inc. v. Associated Res., Inc., 2007 OK 5, ¶ 11, 152 P.3d 880, 885. "Legislative intent is ascertained by reviewing the whole act in light of its general purpose and object." Id. With respect to attorneys' fees statutes, "Oklahoma jurisprudence . . . recognizes that attorney[s'] fee[s] statutes are strictly applied because to do otherwise holds out the real possibility of chilling access to the courts." Id., ¶ 12, 152 P.3d at 885. Strict construction is required because these statutes depart from the American Rule regarding attorneys' fees. Id. The American Rule is the general rule that each party pay for their own attorneys' fees. Hicks v. Lloyd's Gen. Ins. Agency, Inc., 1988 OK 97, ¶ 6, 763 P.2d 85, 86.
¶16 The Oklahoma Supreme Court has also discussed the purpose of offer of judgment statutes. The Supreme Court has stated that such statutes should be "[c]ontrasted with the recognized purpose or rationale behind our jurisprudence following the American Rule," as they are designed to "encourage[] . . . settlement and discourage[] . . . the bringing of frivolous claims." Boston Ave. Mgmt., Inc., 2007 OK 5, ¶ 13, 152 P.3d at 885. "These considerations recognize the limited availability of judicial resources and seek to penalize those [who] unnecessarily waste them." Id. (quoting Hicks, 1988 OK 97, ¶ 6, 763 P.2d at 86) (alteration in original). Keeping these considerations in mind, the Supreme Court has further opined that:
It is . . . generally recognized that the purpose of offer of judgment statutes "is to encourage judgments without protracted litigation" by "provid[ing] additional incentives to encourage a plaintiff to accept a defendant's offer to confess judgment" and to encourage a defendant "to offer an early confession of judgment [to] avoid further increases in costs which may be incurred [for] trial preparation." 
Id. (quoting Dulan v. Johnston, 1984 OK 44, ¶ 10, 687 P.2d 1045, 1047) (alterations in original).
¶17 With respect to the relationship between Section 1101 and Section 1101.1(A), this Court has previously noted that "[S]ections 1101 and 1101.1 are distinct and separate methods of serving an offer of judgment, with their own procedures and consequences." Winn-Tech, Inc. v. Lawson, 2017 OK CIV APP 28, ¶ 8, 395 P.3d 854, 856-57 (quoting Foreman v. Brewer, 2006 OK CIV APP 149, ¶ 5, 149 P.3d 1083, 1084). This Court further concluded that "the Legislature intended both statutes to [coexist] in harmony." Id., ¶ 10, 395 P.3d at 857. "Generally, statutes addressing the same subject matter are to be construed in a manner which reconciles differing provisions and imparts to each of them an intelligent effect." Id. (quoting Mustain v. Grand River Dam Auth., 2003 OK 43, ¶ 23, 68 P.3d 991, 999). "A construction that harmonizes two statutes is preferred over one that may produce conflict." Id. 
¶18 Upon review of Section 1101 and Section 1101.1(A), we find no reason to depart from our previous construction of these two statutes. An offer of judgment made under Section 1101 and an offer of judgment made under Section 1101.1(A) can coexist in harmony and a defendant, such as Foshee, can make simultaneous offers, taking advantage of the separate procedures under both statutory schemes.
II. Relationship Between Section 1101 and Section 1101.1(A)
¶19 Foshee's first offer of judgment was made pursuant to Section 1101.1(A). "Section 1101.1 was enacted in 1995 as part of the Tort Reform Law." Hopkins v. Byrd, 2006 OK CIV APP 132, ¶ 7, 146 P.3d 864, 866. An offer of judgment under Section 1101.1(A) can be made in personal injury, wrongful death, discrimination, and retaliatory discharge actions. 12 O.S.2021 § 1101.1(A)(1). Pursuant to Section 1101.1(A), a defendant "may file with the court, at any time more than ten (10) days prior to trial, an offer of judgment for a sum certain to any plaintiff with respect to the action or any claim or claims asserted in the action." Id. The plaintiff then has ten days to file either: (1) a written acceptance or rejection of the offer, or (2) a counteroffer of judgment in accordance with Section 1101.1(A)(2). Id. § 1101.1(A)(1)(a)-(b). "If the plaintiff fails to file a timely response, the offer of judgment shall be deemed rejected." Id. § 1101.1(A)(1). In the event the plaintiff files a counteroffer, the defendant, in turn, has ten (10) days to either accept or reject the counteroffer. Id. § 1101.1(A)(2). Section 1101.1(A) also allows multiple offers of judgment to be made, stating that "[t]he fact an offer of judgment is made but not accepted or is deemed rejected does not preclude subsequent timely offers of judgment." 12 O.S.2021 § 1101.1(A)(1).
¶20 Rejection of an offer or counteroffer has consequences regarding a party's payment of his or her attorneys' fees and costs. If a plaintiff rejects the offer of judgment, "and the judgment awarded the plaintiff is less than the final offer of judgment," the defendant is entitled to recover his or her reasonable litigation costs and attorneys' fees incurred from the date of the filing "of the final offer of judgment until the date of the verdict." 12 O.S.2021 § 1101.1(A)(3). Conversely, if a defendant rejects a counteroffer of judgment, "and the judgment awarded to the plaintiff is greater than the final counteroffer of judgment," the plaintiff is entitled to recover his or her reasonable litigation costs and attorneys' fees "from the date of filing of the final counteroffer of judgment until the date of the verdict." Id. § 1101.1(A)(4).
¶21 Foshee's second offer of judgment was made pursuant to Section 1101. Section 1101 was adopted in 1910 and has not undergone any amendments since that date. Section 1101 states that the defendant, "in an action for the recovery of money only, may, at any time before the trial," serve an offer of judgment upon a plaintiff or his or her attorney. 12 O.S.2021 § 1101. The plaintiff may accept the defendant's offer of judgment by serving written notice on the defendant or the defendant's attorney within five days after the defendant served the offer on the plaintiff. Id. Section 1101 further provides that "[i]f the notice of acceptance be not given in the period limited, the offer shall be deemed withdrawn, and shall not be given in evidence or mentioned on the trial." Id.
¶22 Unlike Section 1101.1(A), under Section 1101, the plaintiff does not have the option to submit a counteroffer. Although not within the plain text of Section 1101, the Oklahoma Supreme Court has rendered a decision dealing with a defendant who made two offers of judgment under Section 1101, indicating multiple offers of judgment can be made under Section 1101. See Hicks, 1988 OK 97, ¶ 10, 763 P.2d at 87 (discussing the effect of multiple offers of judgment when a plaintiff's recovery is less than both offers of judgment and attorneys' fees are taxed as costs under 12 O.S.1981 § 936). Ultimately, under Section 1101, "[i]f the plaintiff fails to obtain judgment for more than was offered by the defendant, he shall pay the defendant's costs from the time of the offer." 12 O.S.2021 § 1101.
¶23 A plain reading of these statutes shows an important difference, which is key to this case. Section 1101.1 has the effect of shifting not only costs, but also attorneys' fees. In contrast, unless there is an applicable statute that provides that attorneys' fees may be taxed as costs, Section 1101 only has the impact of shifting a party's costs. This difference is central to this case, as the impact of simultaneous offers of judgment under these two statutory schemes determines whether Foshee is entitled to attorneys' fees.
¶24 Foshee asserts that Section 1101 and Section 1101.1(A) can be "construed in harmony" because each statute has separate procedures and operates independently. Foshee's argument relies on this Court's discussion of these two statutes in the Winn-Tech, Inc. decision, which provided some analysis of the relationship between Section 1101 and Section 1101.1. The issue before the Court in Winn-Tech, Inc. was "whether [Section] 1101.1 (or precedential case law) precludes or supersedes Winn-Tech's entitlement to prevailing-party attorney fees." Winn-Tech, Inc., 2017 OK CIV APP 28, ¶ 7, 395 P.3d at 856. Although the defendant filed offers of judgment pursuant to Section 1101, he argued that because the case was filed after the 1995 effective date of Section 1101.1, then Section 1101.1 applied--not Section 1101. Id., ¶ 9, 395 P.3d at 857. After analysis of the issue, this Court stated that "where the defendant chooses to make an offer of judgment under the separate and distinct procedure of [Section] 1101 and that offer is accepted, we hold that [Section] 1101.1 has no application." Id., ¶ 11, 395 P.3d at 857. Although the issue was different than what is presented today, as we previously discussed, we agree with the Winn-Tech, Inc. Court--Section 1101 and Section 1101.1(A) are two separate and distinct statutory schemes that operate independently of one another. This is evidenced by the clear and unambiguous language found in each statutory section, as outlined herein. Accordingly, a defendant can utilize these statutory mechanisms as he or she deems appropriate.
¶25 Although Section 1101 and Section 1101.1(A) can apply to the same subject matter, there are no inconsistencies in a defendant utilizing the separate procedures in litigation. This allows a defendant to effectively litigate his or her defense as he or she sees fit. For example, a defendant may only be interested in his or her costs being shifted and would not want to give a plaintiff the opportunity to file counteroffers. Thus, a defendant could decide to use the procedures outlined in Section 1101. However, if a defendant is interested in shifting both costs and attorneys' fees and would like to give a plaintiff the opportunity to provide counteroffers, a defendant could take advantage of Section 1101.1(A). A defendant could also, as was the case here, take advantage of both Section 1101 and Section 1101.1(A) and ultimately decide, if the statutory conditions are met, to seek attorneys' fees pursuant to Section 1101.1(A).
¶26 By allowing a defendant to initiate the offer of judgment procedure under both statutory schemes during litigation, the underlying purpose of these statutes is met. When a defendant is permitted to utilize both Section 1101 and Section 1101.1(A), settlement and negotiations between parties are promoted throughout the litigation. If we interpreted these schemes as Teasdale argued and as the district court agreed with, the underlying purpose of promoting settlement and reducing the risks of protracted litigation would be undermined. If a defendant had to choose one statutory scheme over the other or if subsequent offers under either Section 1101 and Section 1101.1(A)[2] could not coexist, a defendant would be discouraged from utilizing these schemes and thus discouraged from exploring settlement.
¶27 Therefore, we hold that Section 1101 and Section 1101.1(A) are separate and distinct statutory procedures that operate independently from one another. Thus, an offer of judgment made under Section 1101 and an offer of judgment made under Section 1101.1(A) can operate coextensively with one another.[3] The district court incorrectly determined that Foshee's last offer of judgment under Section 1101 controlled and that he was not entitled to attorneys' fees under Section 1101.1(A).
CONCLUSION
¶28 The district court's Order on Foshee's costs is affirmed. The district court's Order denying Foshee's attorneys' fees pursuant to Section 1101.1(A) is vacated, and this matter is remanded for entry of an order on attorneys' fees consistent with this decision.
¶29 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
BLACKWELL, P.J., and FISCHER, J., concur.
FOOTNOTES
[1] Upon review of the offer of judgment, we do not find the first offer ambiguous. To determine if the offer of judgment is ambiguous, we look to the offer in its entirety. Here, the first offer was expressly made "pursuant to 12 O.S. § 1101.1(A)." Further, it expressly included attorneys' fees, as allowed under Section 1101.1, and required its acceptance within ten days, also required under Section 1101.1. Considering these items in their entirety, we conclude that the first offer of judgment was made pursuant to Section 1101.1(A). The reference to Section 1101 appears to be a scrivener's error.
[2] Section 1101.1 also contains an offer of judgment procedure under subpart (B), which applies to civil actions "brought for the recovery of money or property in an action other than for personal injury, wrongful death or pursuant to Chapter 21 of Title 25 or Section 5 of Title 85 of the Oklahoma Statutes." 12 O.S.2021 § 1101.1(B). The offer of judgment process under Section 1101.1(B) contains different procedures than outlined in Section 1101.1(A). An offer of judgment made under Section 1101.1(B) is not before this Court.
[3] Teasdale includes two additional arguments in his Response to Foshee's Brief in Chief. First, Teasdale argues that Foshee's requested fees are unreasonable. The issue before the Court is entitlement to attorneys' fees and not the reasonableness issue. Second, Teasdale included an argument that the district court's decision on Foshee's costs was not supported by the evidence. We also decline to address this argument because Teasdale did not file his own appeal on this issue. See Martin v. Harrah Indep. Sch. Dist., 1975 OK 154, ¶¶ 21-22, 543 P.2d 1370, 1376 (errors not presented by a petition in error will not be considered on appeal). Thus, as stated herein, we affirm the district court's decision as to costs.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases

 
Cite
Name
Level

 
2006 OK CIV APP 132, 146 P.3d 864, 
HOPKINS v. BYRD
Discussed

 
2006 OK CIV APP 149, 149 P.3d 1083, 
FOREMAN v. BREWER
Discussed

 
2017 OK CIV APP 28, 395 P.3d 854, 
WINN-TECH, INC. v. LAWSON
Discussed at Length

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1988 OK 97, 763 P.2d 85, 59 OBJ 2440, 
Hicks v. Lloyd's General Ins. Agency, Inc.
Discussed at Length

 
2003 OK 43, 68 P.3d 991, 
MUSTAIN v. GRAND RIVER DAM AUTHORITY
Discussed

 
2003 OK 96, 81 P.3d 652, 
FULSOM v. FULSOM
Discussed

 
2007 OK 5, 152 P.3d 880, 
BOSTON AVENUE MANAGEMENT, INC. v. ASSOCIATED RESOURCES, INC.
Discussed at Length

 
2011 OK 50, 256 P.3d 69, 
HUBBARD v. KAISER-FRANCIS OIL COMPANY
Discussed

 
1975 OK 154, 543 P.2d 1370, 
MARTIN v. HARRAH INDEPENDENT SCHOOL DISTRICT
Discussed

 
1984 OK 44, 687 P.2d 1045, 
Dulan v. Johnston
Discussed

Title 12. Civil Procedure

 
Cite
Name
Level

 
12 O.S. 929, 
Costs Allowed to Defendant
Discussed at Length

 
12 O.S. 936, 
Action on Open Account - Attorney's Fee as Costs
Cited

 
12 O.S. 942, 
Costs the Court Judge May Award
Cited

 
12 O.S. 1101, 
Offer - Acceptance by Plaintiff - Notice - Filing
Discussed at Length

 
12 O.S. 1101.1, 
Actions for Personal Injury, Wrongful Death and Certain Specified Actions - Other Actions - Evidence - Applicability - Severability
Discussed at Length

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA